UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHERYL VAN NURDEN, Plaintiff,

v. : CA 07-445 S

SOCIAL SECURITY ADMINISTRATION, Defendant.

**ORDER**
**GRANTING IN PART MOTION FOR RECONSIDERATION**
**AND**
**REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff's Request for Reconsideration of Waiver to Proceed without Prepayment (Document ("Doc.") #6) ("Motion for Reconsideration" or "Motion"). By the Motion Plaintiff appears to seek the following: 1) that her tardiness in complying with the Court's order of December 10, 2007, be excused; 2) that her Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application") be granted; 3) that in the event the Application is not granted she be given additional time to raise the required filing fee; and 4) that her case not be dismissed for lack of prosecution. As to these requests, the Court rules as follows:

1. To the extent that the Motion requests that Plaintiff's Application not be denied with prejudice because she failed to file her Amended Complaint within the fourteen day period prescribed by the Court's order of December 10, 2007, see Order Denying without Prejudice Application to Proceed in Forma Pauperis (Doc. #3) ("Order of 12/10/07"), the Motion is granted.

2. To the extent that the Motion seeks to have the Application granted, the Motion is denied for the reasons stated

on pages 2 and 3 of this Order.[1]

3. To the extent that the Motion requests additional time to raise funds, the Motion is ruled moot because the Court has not yet denied Plaintiff's Application with prejudice.

4. To the extent that the Motion seeks not to have the action dismissed for lack of prosecution, the Court will not dismiss the action at this time but will give Plaintiff a final opportunity to file an amended complaint which complies with Federal Rule of Civil Procedure 8(a).

**Reasons**

Although the Amended Complaint contains a chronological account of Plaintiff's dealings with the Social Security Administration between 2002 and 2007, the Court is still unable to understand what Plaintiff's claim is. If Plaintiff is attempting to obtain judicial review of the denial of an application for Social Security benefits, she has not clearly identified which application is at issue and the date of the "final decision of the Commissioner of Social Security ...," 42 U.S.C. § 405(g), relative to that application.[2] The Amended Complaint states that Plaintiff filed applications for benefits on June 13, 2002, and April 5, 2005, but also states that she

---

[1] After Plaintiff has filed the Second Amended Complaint, which is required by this order, she may again ask to have her Application granted.

[2] This Court's jurisdiction to review the denial of Social Security benefits is governed by 42 U.S.C. § 405(g). Pursuant to that statute, an individual may obtain judicial review of a denial of benefits by commencing a civil action in the district court within sixty days of the "final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party ...." 42 U.S.C. § 405(g). In most cases, the date of the final decision of the Commissioner is the date the Appeals Council denies review of the administrative law judge's decision. See Sims v. Apfel, 530 U.S. 103, 107, 120 S.Ct. 2080 (2000)(stating that where the Appeals "Council denies the request for review, the ALJ's opinion becomes the final decision").

received a favorable decision on February 13, 2006, from Administrative Law Judge ("ALJ") Hugh Atkins. See Amended Complaint ¶¶ 1, 11, 15. Thus, it is unclear what "final decision" Plaintiff is seeking to have this Court review.

If Plaintiff is seeking relief other than (or in addition to) judicial review of the denial of Social Security benefits, she must plainly state what that relief is and why she believes that she is entitled to it. The Court notes that Plaintiff appears to complain about applications for Social Security benefits being filed without her consent, see Amended Complaint ¶¶ 17, 23, 25, but she does not explain how the filing of such applications have harmed her or otherwise entitle her to the damages which she seeks. Plaintiff also appears to indicate that she does not know who filed these applications, only that she did not file them. Thus, the basis for any complaint against the Social Security Administration in connection with such unauthorized applications is unclear.

**Order to File Second Amended Complaint**

Accordingly, Plaintiff is ordered to file a Second Amended Complaint within fourteen days of the date of this Order. Such Second Amended Complaint shall:

1. Be a complete document in and of itself which may be fully understood without referring to either the Complaint or the Amended Complaint;

2. State plainly whether Plaintiff is seeking judicial review of the denial of Social Security benefits;

3. Identify the type of benefits which are at issue (e.g., Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI");

4. Identify the date of the application which is at issue and the date of the "final decision of the Commissioner ...," 42 U.S.C. § 405(g), relative to that application; and

5. Identify the time period for which benefits are at issue (from what date to what date).

In addition, if Plaintiff is seeking relief other than (or in addition to) judicial review of the denial of Social Security benefits, the Second Amended Complaint must plainly state what that relief is and why Plaintiff believes that she is entitled to it.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 4, 2008